# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DALE HARELIK and STEVE TURNER, as individuals, <br><br> Plaintiffs, <br> vs. <br><br> BAC HOME LENDING; RECONTRUST COMPANY, N.C.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; BAC HOME LOAN SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING LP; BANK OF AMERICA; NEVADA TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; KHADIJA GULLEY; DEMETRIUS McWHORTER; JOLENE KIM; DOES I-X inclusive, and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | Case No. 2:12-cv-00399-GMN-CWH <br><br> **ORDER** |

Pending before the Court are Plaintiffs Dale Harelik and Steve Turner's Motion to Remand and for Judgment on the Pleadings/Order Quieting Title and Disqualifying Counsel (ECF No. 10) and Motion for Leave to File Supplemental Points and Authorities with Respect to Jurisdiction (ECF No. 19). Defendants removed the case to federal court upon the state court's dismissal of a non-diverse defendant. Plaintiffs assert that this removal was improper under a variety of theories. For the reasons set forth below, the Motion to Remand is granted. Because the case is remanded, the Court no longer has jurisdiction and will not entertain the Plaintiffs' other requests and the Motion to File Supplemental Points and Authorities is denied.

## I.   **BACKGROUND**

This case is an ownership dispute over a piece of property.  Plaintiffs allege that Defendant Demetrius McWhorter ("McWhorter") purchased the property in question from its former owner through a short sale.  The sale was allegedly approved by Defendant Bank of America ("BANA"), the mortgage holder, but BANA failed to release its trust deed.  McWhorter subsequently sold the property to Plaintiffs.  However, unbeknownst to Plaintiffs, BANA had foreclosed on its trust deed and sold the property at a trustee's sale to Defendant Federal National Mortgage Association ("Fannie Mae").  The trustee's sale was not discovered until Plaintiffs attempted to sell the property to Defendant Jolene Kim.  As a result of the late discovery, the sale by Plaintiff to Kim fell through, allegedly resulting in damages to Plaintiffs.

Plaintiffs filed suit for quiet title, negligence, and fraud on July 7, 2011.  Due to the presence of Defendants Nevada Title Company ("Nevada Title") and McWhorter, both citizens of Nevada, there was not complete diversity between the parties.  Nevada Title moved to dismiss and the state district court granted that motion on Dec. 5, 2011.  However, the court's order also granted Plaintiffs leave to amend and Plaintiffs' First Amended Complaint contained revised claims against Nevada Title, retaining them as a defendant to the instant action.  Nevada Title then moved to dismiss the amended complaint and the court granted that motion at a hearing on January 17, 2012.  The court then issued a written order on February 14, 2012.

After Nevada Title had been dismissed for the second time, Defendants BANA, Mortgage Electronic Registration Systems, Inc., Fannie Mae, and ReconTrust Company, N.A. (collectively "Defendant") filed their petition for removal March 9, 2012 asserting that the federal court had subject matter jurisdiction over the case because McWhorter, the only remaining non-diverse defendant, was fraudulently joined.  Plaintiffs timely filed

their motion to remand, arguing that the removal was improper and, alternatively, that the Court should grant Plaintiffs judgment on the pleadings and disqualify Defendants' counsel for an alleged conflict of interest.  Plaintiffs then filed another motion seeking leave to supplement their first motion to remand, which advanced another separate legal theory supporting their arguments for remand.

## II.   **DISCUSSION**

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c).  A district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  This "strong presumption" against removal jurisdiction places the burden on the defendant to establish that removal is proper. *Id*. at 566.  Federal courts look only to a plaintiff's pleadings to determine jurisdiction. *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978).

The ability to remove is statutory and governed by the procedure outlined in 28 U.S.C. § 1446.  Typically, a defendant has thirty days from the receipt of an initial pleading to remove the case to federal court. 28 U.S.C. § 1446(b)(1).  Where a case is not removable based on the initial pleading, but later becomes removable through the voluntary act of the plaintiff, a defendant may remove within thirty days from the date at which removal became possible. *Id*. at (b)(2)(C)(3); *People of State of Cal. By and Through Lungren v. Keating*, 986 F.2d 346 (9th Cir. 1993) (citing *Self v. General Motors*, 588 F.2d 655, 657-60 (9th Cir. 1978)).  The voluntary act of a plaintiff giving rise to removability cannot be an action brought about by the efforts of a defendant or court

order. *Shemp v. Yamaha Corp. of America*, No. 2:06-CV-00565-KJD-GWF, 2006 WL 2669185, at *3 (D. Nev. Sept. 18, 2006) (citing *Keating*, 986 F.2d at 348).  Thus, in the context of diversity, dismissal of a non-diverse party based on the actions of the defendant or the court does not give rise to removal under § 1446. *See id*.

Whether the dismissal of Nevada Title was a voluntary act is somewhat unclear from the record.  Officially, the termination of Nevada Title in the state district court was effectuated by the court granting Nevada Title's motion to dismiss. In fact, the district court had previously granted Nevada Title's motion to dismiss on the original complaint, and the Plaintiffs had filed an opposition to Nevada Title's motion to dismiss the amended complaint.  Such actions hardly indicate the voluntary act required to make a case removable.

However, the court's grant of the motion to dismiss at the hearing seems to be based on the understanding that Plaintiffs were voluntarily dismissing Nevada Title. Although the court's written order refers to a stipulation between those two parties, no stipulation was ultimately filed with or accepted by the court.  Plaintiffs characterize the stipulation as their acquiescence to a court order that Nevada Title be dismissed from the amended complaint.  Thus, while there appears to have been some type of agreement between Plaintiffs and Nevada Title, the degree of voluntariness as to that agreement is questionable.

Ultimately, Defendants have failed to meet their burden of showing that removal was proper.  Defendants provide no explanation of the evidentiary contradictions or the inconsistencies between their factual account with the state court record.  The Court cannot simply accept Defendants' bald assertion that there was a stipulation for voluntary dismissal in the face of the state district court's written order granting Nevada Title's motion to dismiss.  While there is some evidence to suggest that the grant of the motion

to dismiss was based on Plaintiffs' agreement to voluntary dismiss Nevada Title, the evidence and explanation of procedural history provided by the parties is insufficient to affirmatively so conclude. Because the Court must construe this uncertainty in favor of remand, Defendants have not shown that Plaintiffs voluntarily dismissed Nevada Title, thereby rendering the case removable. Thus, Defendants have not met their burden of showing that removal was proper. Consequently, the motion to remand is granted. Having remanded the case, the Court lacks jurisdiction to rule on Plaintiffs' other requests and motions.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**.

**IT IS FURTHER ORDRERED** that Plaintiffs' Motion for Leave to File Supplemental Points and Authorities with Respect to Jurisdiction is **DENIED**.

DATED this 26th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge